# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3832

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Luis Yair Gutierrez-Lopez, | * | District of Nebraska. |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: March 16, 2001
Filed: March 21, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Luis Yair Gutierrez-Lopez pleaded guilty to illegally re-entering the United States after deportation, in violation of 8 U.S.C. § 1326(a). His sentence was enhanced under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) because he had previously been deported after being convicted of an aggravated felony. The district court[1] sentenced him to 78 months imprisonment and 3 years supervised release.

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

Gutierrez-Lopez argues on appeal that because the fact of a prior aggravated-felony conviction was not alleged in the indictment and was neither proven to a jury nor admitted through his guilty plea, the enhanced sentence violates the standards announced in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000). We reject this argument because Almendarez-Torres v. United States, 523 U.S. 224, 226 (1998), which upheld the validity of the section 1326(b)(2) aggravated-felony enhancement for section 1326(a) violators, was not overruled by Apprendi. See 120 S. Ct. at 2362; United States v. Aguayo-Delgado, 220 F.3d 926, 932 n.4 (8th Cir.) ("In Apprendi, the Court left Almendarez-Torres untouched, although . . . [it] expressed a willingness to reconsider it."), cert. denied, 121 S. Ct. 600 (2000). Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-